UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| BRADFORD PHILLIPS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) CAUSE NO.: 3:11-CV-399-TLS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

The Petitioner, Bradford Phillips, a prisoner confined at the Indiana State Prison, filed a *Pro Se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] on October 13, 2011, challenging his 2004 Marion County criminal convictions for murder and carrying a handgun without a license. In his Petition, the Petitioner asserts six grounds, including that he "was denied Due Process and the effective assistance of counsel at trial." (Pet. 4, ECF No. 1.) In his Memorandum in Support of Return to Order to Show Cause [ECF No. 7], the Respondent argues that most of the Petitioner's claims, including his ineffective assistance of counsel claim, are barred by procedural default because the Petitioner did not exhaust his state court remedies.

This matter is before the Court on the Petitioner's Motion to Stay Proceedings to Adjudicate Collateral State Procedure [ECF No. 12] in which he states that his "issues in the instant habeas corpus matter involve procedural default due to [the] issue of ineffective assistance of post-conviction counsel and counsel's withdrawal and abandonment of the Petitioner during the Petitioner's initial-review collateral procedure." (Mot. to Stay 1, ECF No. 12.) The Respondent has filed a Response to Petitioner's Motion to Stay [ECF No. 18] in which he argues that a stay is not appropriate because the Petitioner has procedurally defaulted the

claims he seeks leave to present to the state courts, and has not shown good cause for his failure to initially exhaust his state court remedies.

The Petitioner did not present an ineffective assistance of counsel claim in his direct appeal to the Indiana Court of Appeals. (*See* Br. of Appellant, ECF No. 6-4 at 5.) On February 7, 2006, the Petitioner filed a petition for post-conviction relief (Marion Superior Ct. Findings of Fact and Conclusions of Law Denying Post-Conviction Relief 2, ECF No. 6-9) in which he asserted that his trial counsel was ineffective (*id.* at 10) and that his appellate counsel was ineffective (*id.* at 18). The post-conviction court denied relief on August 10, 2010 (*id.* at 19), the Indiana Court of Appeals dismissed the appeal on February 7, 2011 (Appellate Case History 2, ECF No. 6-3), and the Indiana Supreme Court denied transfer on June 3, 2011 (*id.* at 3).

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Accordingly, a petitioner should present all of his claims in one habeas petition. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has the discretion to stay rather than dismiss the habeas petition of an applicant who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278.

Nowhere in his Motion to Stay [ECF No. 12] or in his Reply to the Respondent's

Response to his Motion to Stay [ECF No. 19] does the Petitioner state specifically what claims he wishes to attempt to present to the state courts by means of a successive petition for post-conviction relief. But it is clear that whatever claims he wishes to return to the state courts to litigate deal with the effectiveness of his trial counsel (Mot. to Stay ¶ 7, ECF No. 12; Reply ¶ 10, ECF No. 19), which are the only "ineffectiveness" of counsel claims that could have been brought on direct appeal.

> In his Motion to Stay, the Petitioner states that:
>
> On March 20, 2012, the U.S. Supreme Court decided *Martinez v. Ryan*, 2012 LEXIS 2317, acknowledging the issue of Arizona's law precluding the issue of ineffective assistance of trial counsel on direct review and addressing "cause" for procedural default resulting from issue of ineffective assistance of post-conviction counsel. Indiana's law also precludes the issue of ineffective assistance of trial counsel on direct review.
>
> Accordingly, with the advent of *Martinez v. Ryan*, the Petitioner seeks a stay of the proceedings to return to the state courts to raise and adjudicate on a successive petition for post-conviction relief the merits of a state claim previously foreclosed to the Petitioner, which, once adjudicated, would render the instant habeas corpus matter moot.

(Mot. to Stay ¶¶ 7–8.)

In his petition for post-conviction relief (Marion Superior Ct. Findings of Fact and Conclusions of Law Denying Post-Conviction Relief 10–16), the Petitioner presented a claim that his trial counsel was ineffective, but the Respondent argues that he defaulted that claim on appeal. The Petitioner argues that the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), permits him to return to state court to raise claims that his trial counsel was ineffective. The *Martinez* court expounded on *Coleman v. Thompson*, 501 U.S. 722 (1991), in which the Supreme Court held, *inter alia*, that "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural

3

default." *Dansby v. Hobbs*, 691 F.3d 934, 936 (8th Cir. 2012) (quoting *Dansby v. Norris*, 682 F.3d 711, 728 (8th Cir. 2012) (additional quotation marks omitted)). The *Martinez* court announced the following "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320 (emphasis added).

The *Martinez* exception only applies in states where ineffective assistance of trial counsel "must" be raised in an initial-review collateral proceeding, so that a collateral proceeding is the defendant's "first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. Stated differently, the *Martinez* holding excusing procedural default "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id.* at 1320. In Indiana, however, criminal defendants may raise ineffective assistance of trial counsel claims on direct appeal. *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998). In *Woods*, the State of Indiana argued that if the criminal defendant knew of trial counsel's ineffectiveness at the time of his direct appeal, that claim was waived if not presented on appeal. The Supreme Court of Indiana, however, concluded that "ineffective assistance may be raised on direct appeal, but if it is not, it is available in postconviction proceedings." *Id.* at 1216.

In his Reply to the Respondent's Response to his Motion for Stay, the Petitioner argues that:

> contrary to the claim of Respondent, **Martinez** does apply to Indiana because appellate attorneys are discouraged from raising an ineffectiveness claim on direct

4

> appeal. See **Woods v. State**, 701 N.E.2d 1208, 1216 (Ind. 1998) ("[A] post-conviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim"). Accordingly, because **Martinez** does apply to Indiana, Petitioner's claim clearly has merit.

(Reply ¶ 10.) But even assuming, as the Petitioner argues, that Indiana courts prefer that attacks on the competency of trial counsel be raised in a collateral attack, rather than in a direct appeal, the fact that the Indiana courts will entertain an attack on competency of trial counsel in a direct appeal excludes Indiana from the *Martinez* exception to the *Coleman* rule. The *Martinez* exception applies only in states where state law requires that "claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1320 (emphasis added). Indiana does not require that ineffective assistance of counsel claims be first raised on state collateral review, and so the *Martinez* holding will not excuse the Petitioner's procedural default in Indiana.

Moreover, while *Martinez* may be used to excuse a procedural default, it does not justify a federal district court's stay of a habeas petition so that a habeas applicant can return to the state courts. If the Petitioner wishes to make an argument to this Court that the procedural default addressed in the Respondent's Memorandum in Support of Return to Order to Show Cause [ECF No. 7] should be excused, he may do so. But nothing in *Martinez* requires, or even suggests, that his habeas petition should be stayed while he returns to the Indiana courts to present new claims of ineffective assistance of counsel or to attempt to relitigate ineffective assistance of counsel claims he has already attempted to present to the state courts.

For the foregoing reasons, the Court (1) DENIES the Petitioner's Motion to Stay Proceedings to Adjudicate Collateral State Procedure [ECF No. 12]; (2) AFFORDS the Petitioner until January 5, 2013, within which to supplement his Traverse if he wishes to do so; and (3) AFFORDS the Respondent fourteen days within which to reply to any supplemental

Traverse filed by the Petitioner.

SO ORDERED on December 7, 2012.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION